Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

05-3252

DAN C. BOECHLER,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

David C. Thompson, David C. Thompson, P.C., of Grand Forks, North Dakota, argued for petitioner.

Brian T. Edmunds, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. On the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Donald E. Kinner, Assistant Director; and Claudia Burke, Attorney.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3252

DAN C. BOECHLER,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED:  March 19, 2007

_____

Before NEWMAN, MAYER, and BRYSON, Circuit Judges.

PER CURIAM.

The court has reviewed the issues and arguments, and concludes that the Board's decision must be affirmed.[1]  Although the repeated critical statements to members of Congress and other high officials may on their face meet the criteria of the Whistleblower Protection Act, 5 U.S.C. §2302(b)(8)(A) (2000), as Mr. Boechler argues, there was

---

[1]    Boechler v. Dep't of the Interior, No. DE1221020389-W-3 (M.S.P.B. May 2, 2005).

evidence adequate to support the Board's factual finding that the proposed and rescinded 20-day suspension, the late seasonal start, and the selection of another candidate for the position for which Mr. Boechler applied, were not in retaliation for his protected disclosures.

Further, we discern no denial of due process in the erratic performance of the Board's audiovisual teleconferencing system, for it was not shown that evidence or argument on Mr. Boechler's behalf was thereby excluded.

With respect to the evidence elicited from Thomas Lonnie, Mr. Boechler has pointed to nothing in the record to convince us that Mr. Lonnie's testimony was "inherently improbable or discredited by undisputed evidence." Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 726 (Fed. Cir. 1998). The existence of some inconsistencies in the evidence is not enough to overturn the administrative judge's credibility determination. Finally, contrary to Mr. Boechler's contention, we find no statutory or constitutional infirmity in the Board's system for reviewing the decisions of its administrative judges.

No costs.